# In the United States Court of Federal Claims

No. 14-947C
(Filed: May 8, 2015)

|  |  |
|---|---|
| MHAMMAD ABU-SHAWISH, <br><br> *Pro Se* Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | Motion to Dismiss for Lack of Jurisdiction; Wrongful Conviction; Certificate of Innocence; Compensation for Wrongful Imprisonment |

Mhammad Abu-Shawish, Milwaukee, WI, *pro se*.

*Agatha Koprowski*, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Joyce R. Branda*, Acting Assistant Attorney General, Director *Robert E. Kirschman, Jr.* and Assistant Director *Steven J. Gillingham*, for defendant.

## ORDER ON MOTION TO DISMISS

**FIRESTONE**, *Judge*.

On October 6, 2014, plaintiff, Mhammad Abu-Shawish ("Mr. Abu-Shawish"), filed a complaint pursuant to 28 U.S.C. §§ 1495 and 2513, seeking money damages in the amount of $175,000 for alleged unjust conviction and forty-two months of imprisonment in Federal custody. The government has moved to dismiss Mr. Abu-Shawish's complaint for lack of jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims on the grounds that plaintiff has not alleged sufficient facts to show that he is entitled to payment under 28 U.S.C. § 1495.

Specifically, the government argues that plaintiff's complaint cannot survive a motion to dismiss because he has not alleged facts to show that he was "innocent of the charges" made against him with a certificate of innocence issued by the district court, as required by the statute. For the reasons set forth below, the court agrees with the government that the case must be dismissed.

In 2005, Mr. Abu-Shawish was tried in the United States District Court for the Eastern District of Wisconsin on a single count of fraud under 18 U.S.C. § 666 and was convicted on June 29, 2005. On February 1, 2006, Mr. Abu-Shawish was sentenced to thirty-six months in prison. Mr. Abu-Shawish appealed his conviction to the United States Court of Appeals for the Seventh Circuit. On November 7, 2007, the appeals court vacated his conviction and remanded the case for further proceedings, concluding that the government had charged Mr. Abu-Shawish under the wrong statute because Mr. Abu-Shawish was not an agent of the organization he defrauded (the City of Milwaukee) as required by 18 U.S.C. § 666(a)(1)(A). United States v. Abu-Shawish, 507 F.3d 550, 558 (7th Cir. 2007). In reversing the conviction, the appeals court stated, "Without question, the indictment properly alleged and the evidence was sufficient to show that Abu-Shawish defrauded the City of Milwaukee. However, he was not an agent of the City of Milwaukee, and so he was not properly charged under 18 U.S.C. § 666(a)(1)(A)." Id.

Following the Seventh Circuit's decision, the government dismissed the original indictment and obtained a new indictment charging Mr. Abu-Shawish with several counts of mail fraud and transportation of stolen funds in foreign commerce under 18 U.S.C. § 1341 and 2314. Mr. Abu-Shawish went to trial a second time, and, on October 16, 2008,

he was acquitted on all charges and released from prison. On October 6, 2014, he filed the present case. In addition to his time in prison before his acquittal, Mr. Abu-Shawish alleges that, after he was released from prison, he was detained for an additional six months in the custody of Immigration and Customs Enforcement. He alleges that his immigration detainment was directly related to his overturned conviction.

Section 1495 provides that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. To establish jurisdiction, however, a plaintiff seeking compensation under Section 1495 must also meet the requirements of 28 U.S.C. § 2513(a)(l). Zakiya v. United States, 79 Fed. Cl. 231, 234 (2007), aff'd, 277 F. App'x 985 (Fed. Cir. 2008); see also Grayson v. United States, 141 Ct. Cl. 866 (1958) (per curiam). Section 2513(a)(1) provides that compensation under 28 U.S.C. § 1495 is only available if the plaintiff meets the following criteria:

> (a) Any person suing under section 1495 of this title must allege and prove that:
>
> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring

3

about his own prosecution.

28 U.S.C. § 2513(a)(1) and (2). Therefore, in order for this court to have jurisdiction, a plaintiff must obtain a certificate of innocence from the district court which states that not only was he not guilty of the crime of conviction, but also that none of his acts related to the charged crime were other crimes.

It is clear from a careful review of the complaint and plaintiff's reply to the government's motion that Mr. Abu-Shawish has failed to allege or otherwise demonstrate that he has met the requirements set in § 2513. Plaintiff has not alleged that he has obtained a certificate of innocence from the United States District Court for the Eastern District of Wisconsin or that his innocence has been otherwise established. Rather, plaintiff argues that the reversal of his conviction after his first trial and his acquittal at his second trial are enough to establish jurisdiction. However, neither of these events is sufficient to establish jurisdiction.

First, the fact that Mr. Abu-Shawish's 2005 conviction was reversed does not establish his innocence, but rather demonstrates that the prosecution failed to prove the necessary elements of the offense for which he was charged. In order to establish his innocence, the plaintiff would need to petition and receive a certificate of innocence from the district court because, in this case, the plaintiff was not found to be innocent of the charges; additionally he must also show that his acts in connection with his original charge "constituted no offense against the United States, or any State, Territory or the District of Columbia." 28 U.S.C. § 2513(a)(2). In this case, the Seventh Circuit found that, though the government had charged Mr. Abu-Shawish with the wrong crime, there

was sufficient evidence to show that he was in fact guilty of fraud. See United States v. Abu-Shawish, 507 F3d at 558 ("Without question, the indictment properly alleged and the evidence was sufficient to show that Abu- Shawish defrauded the City of Milwaukee. . . . At bottom, Abu-Shawish defrauded the City of Milwaukee."). Therefore, because this charge was reversed for reasons other than innocence, the statute requires that Mr. Abu-Shawish obtain a certificate of innocence from the district court before he can recover for the prison time he served for his conviction.

Second, the fact that plaintiff was acquitted at his second trial does not establish that he was innocent of the charges made in the first criminal proceeding. As the Fourth Circuit Court of Appeals has noted, "Congress clearly did not provide in the unjust conviction and imprisonment act an avenue for monetary compensation to all whose criminal convictions are reversed after incarceration." United States v. Mills, 773 F.3d 563, 566 (4th Cir. 2014) (quoting United States v. Graham, 608 F.3d 164, 171 (4th Cir. 2010)). Instead, "the provisions of § 2513 work in tandem to ensure that only a truly innocent petitioner is eligible for a certificate of innocence and subsequent compensation." Mills, 773 F.3d at 566. In that connection, the Seventh Circuit Court of Appeals has held that "[a] conclusion that the prosecutor did not prove a charge beyond a reasonable doubt differs from a conclusion that the defendant is innocent in fact" and "[f]or the purpose of § 2513, acquittal differs from innocence." Pulungan v. United States, 722 F.3d 983, 985 (7th Cir. 2013). Instead, the "innocence of the petitioner 'must be affirmatively established'" through a hearing in the district court and the subsequent award of a certificate of innocence. United States v. Grubbs, 773 F.3d 726, 732 (6th Cir.

2014) (quoting <u>United States v. Brunner</u>, 200 F.2d 276 (6th Cir. 1952)). This is true even when the evidence at trial was not sufficient to support a conviction beyond a reasonable doubt. <u>See</u> <u>Grubbs</u>, 773 F.3d at 733. Therefore, the fact that the petitioner was acquitted in a trial on different—but related—charges does not negate the requirement that he must first obtain a certificate of innocence before this court has jurisdiction over his wrongful conviction claim.

It is for these reasons that Mr. Abu-Shawish cannot meet "the other conditions set out in section 2513" and thus his case must be dismissed. <u>Grayson</u>, 141 Ct. Cl. at 866. Accordingly, defendant's motion to dismiss is **GRANTED**. The Clerk shall enter judgment dismissing the case under RCFC 12(b)(1) without prejudice.

**IT IS SO ORDERED.**

/s/ N. B. Firestone<br>
NANCY B. FIRESTONE<br>
Judge